UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, | * |
| Plaintiff, | * |
| STEPHEN MARTIN and CHERYL MARTIN, | * |
| | * |
| Intervenor Plaintiffs, | Civil Action No. RDB-24-3656 |
| | * |
| v. | |
| | * |
| W.L. GORE & ASSOCIATES, INC., | |
| | * |
| Defendant. | |
| | * |

**MEMORANDUM ORDER**

Plaintiff State of Maryland (the State) filed the above-captioned action against Defendant W.L. Gore & Associates, Inc. (Gore) on December 18, 2024, alleging nuisance, trespass, negligence, and state and federal statutory environmental claims based on Gore's alleged "contamination of Maryland's natural resources with toxic" substances. ECF No. 1 ¶ 1. On May 12, 2025, the State filed an amended pleading in which it, among other things, added an additional federal statutory environmental claim, as well as a state law unjust enrichment claim. ECF No. 43 ¶¶ 204–221. On October 29, 2025, the Court granted Stephen and Cheryl Martin's motion to intervene in Counts V and IX of the State's amended complaint, which allege state and federal statutory environmental claims. ECF Nos. 60–61; *see also* ECF No. 67.

On December 9, 2025, the Honorable Richard D. Bennett referred this case to the undersigned for discovery and all related scheduling pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF No. 71. On December 19, 2025, the undersigned held a discovery hearing to address a dispute between the State and Gore regarding the production of Gore's profit and revenue data, which Gore contends is not relevant because its profits are not

recoverable.  ECF Nos. 76–77, 82.  At the hearing, the undersigned directed the State and Gore to file supplemental position statements by January 9, 2026, which the undersigned has reviewed.  ECF Nos. 83, 101–102.  For the reasons set forth below, Gore's request to shield production of its profit and revenue information is denied.

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  The broad sweep of discovery under the federal rules is cabined only by relevance and proportionality.  *Virginia Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 188 (4th Cir. 2019); *Victor Stanley, Inc.* v. *Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010), *aff'd in part, modified in part*, Civil Action No. MJG-06-2662, 2010 WL 11747756 (D. Md. Nov. 1, 2010) ("[A]ll permissible discovery must be measured against the yardstick of proportionality.").  "Relevance is not, on its own, a high bar." *Virginia Dep't of Corr.*, 921 F.3d at 188.  Instead, in the context of discovery, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to [any] other matter that could bear on, any issue that is or may be in the case." *Oppenhiemer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 351 (1978).  For this reason, "discovery requests may be deemed relevant if there is any possibility that the information may be relevant as to the general subject matter of the action." *National Credit Union Admin.* v. *First Union Cap. Markets Corp.*, 189 F.R.D. 158, 161 (D. Md. 1999) (internal quotations marks and citation omitted); *accord Ralston Purina Co.* v. *McFarland*, 550 F.2d 967, 973 (4th Cir. 1977); *Santos* v. *Crowell*, Civil Action No. GLR-15-3907, 2016 WL 6068082, at *4 (D. Md. Oct. 17, 2016); *Kidwiler* v. *Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 & n.61 (N.D.W. Va. 2000) (collecting cases).  The "burden of showing that the requested discovery is not relevant to the issues in this litigation is clearly on the party resisting discovery." *National Credit Union Admin.*, 189 F.R.D. at 161 (internal quotation marks omitted) (quoting *Spell* v. *McDaniel,* 591 F. Supp. 1090, 1114 (E.D.N.C. 1984)).

In Count X of its First Amended Complaint, the State advances an unjust enrichment claim, which seeks "all legal and equitable relief necessary to remedy the unjust enrichment of Gore, including restitution and disgorgement." ECF No. 43 ¶ 221; *see also id* at ¶¶ 212–220. Under Maryland law, unjust enrichment has three elements: (1) a "benefit conferred upon the defendant by the plaintiff"; (2) an "appreciation or knowledge by the defendant of the benefit"; and (3) the "acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Berry & Gould, P.A.* v. *Berry*, 360 Md. 142, 151 (2000) (internal quotation marks and citation omitted). Gore argues that "Maryland law prohibits the State from recovering Gore's profits in this case, as does the Restatement (Third) of Restitution and Unjust Enrichment [(2011) (Third Restatement)] that Maryland courts follow," which renders its profits and revenue irrelevant. ECF No. 101 at 1.[1] The State counters that Gore's profit and revenue information is relevant and necessary because restitution is "measured by 'the amount of profit wrongfully obtained.'" ECF No. 77 at 2 (quoting Third Restatement § 49).

The question of the State's ability to disgorge Gore's profits as a remedy for its unjust enrichment claim is more complicated than Gore suggests. As the State and Gore each acknowledge, "Maryland courts look to the Third Restatement in assessing unjust enrichment claims." *Lacks* v. *Ultragenyx Pharm., Inc.*, 734 F. Supp. 3d 397, 420 (D. Md. 2024) (collecting cases). That treatise explains that the "object of the disgorgement remedy—to eliminate the possibility of profit from conscious wrongdoing—is one of the cornerstones of the law of restitution and unjust enrichment." Third Restatement § 51 cmt. e. As the State argues, the Third Restatement supports disgorgement of "the net profit attributable to the underlying wrong " of a "conscious

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

wrongdoer." Third Restatement § 51(4); *see also* ECF Nos. 77 at 2 (citing Third Restatement §§ 3, 49, 51); 102 at 2 & n.6 (citing Third Restatement § 51(4)).

Conceptually, this remedy has support in Maryland case law. *E.g.*, *Linton* v. *Consumer Prot. Div.*, 467 Md. 502, 519 (2020). The cases upon which the State and Gore rely, however, do not address the availability of disgorgement of profits as an unjust enrichment remedy under Maryland law in an environmental case such as this. *See*, *e.g.*, *Village of Rockton, Ill.* v. *Sonoco Prods. Co.*, 135 F. Supp. 3d 700, 711 (N.D. Ill. 2015) (applying Illinois law); *Little Hocking Water Ass'n, Inc.* v. *E.I. du Pont Nemours & Co.*, 91 F. Supp. 3d 940, 984 (S.D. Ohio 2015) (applying Ohio law); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 1:00-1898, 2013 WL 5230814, at *2-7 (S.D.N.Y. July 17, 2013) (interpreting the Second Restatement of Torts § 929 and the "common law of restitution" and applying Puerto Rico law). Regardless, the availability of disgorgement is not a question that should be determined at this juncture in the case, which is before the undersigned only for resolution of a discovery dispute.

Upon closer analysis, the contours of Gore's relevance argument reveal its faulty premise. At bottom, Gore argues that the State cannot disgorge its profits because of the inadequacy of its allegations. ECF No. 101 at 5. Gore contends that the State has not identified "a cognizable benefit" or a "colorable nexus between any benefit it conferred and Gore's profits." *Id*. at 1, 5. As a sister court in this Circuit stated previously when presented with a similar relevance argument regarding the discoverability of profit and tax information:

> The Court declines any invitation to resolve, in this Order ruling on discovery matters, the merits of one of the core issues in this case, namely: whether certain carpet manufacturing inventions and innovations created by Weiner are Weiner's or Milliken's intellectual property. Indeed, the arguments raised by Defendants as predicate assumptions to the putative lack of relevance and proportionality of the discovery request for profit and tax information also form the core of Defendants['] arguments in support of their pending Motion for Partial Summary Judgment.

4

*Milliken & Co.* v. *Evans*, No. 7:14-CV-4422-BHH, 2016 WL 11530305, at *5 (D.S.C. July 22, 2016).

Here, too, the undersigned declines Gore's invitation to stray from Judge Bennett's discovery referral and render a decision on the sufficiency of the State's allegations or the scope of available relief.  Thus far, Gore has not raised a legal challenge to the State's unjust enrichment claim—and the pending discovery dispute is not an appropriate vehicle to do so.  Unless and until such time as Gore secures a ruling from the Court that removes restitution and disgorgement of its profits from the array of available relief, Gore's profits and revenue remain "matter[s] that bear[ ] or may bear on an[] issue that is or may be in the case."  *Carr* v. *Double T Diner*, 272 F.R.D. 431, 433 (D. Md. 2010).  Gore has not carried its burden of showing that there is not "any possibility" that its profits and revenue "may be relevant as to the general subject matter" of this action.  *National Credit Union Admin.*, 189 F.R.D. at 161.

In light of the foregoing, Gore is ORDERED to respond to the State's Request for Production No. 14 and Interrogatory No. 13.  The State and Gore shall meet and confer as needed to agree upon the scope and timeframe of Gore's production to ensure that it is timely, responsive, and proportional.  Furthermore, Gore may utilize the procedures outlined in the existing Protective/Confidentiality Order (ECF No. 40) to designate, as appropriate, responsive material as confidential or highly confidential.  The further discovery hearing set for January 15, 2026, at 9:30 am (ECF No. 83) is cancelled because it is unnecessary for the resolution of this discovery dispute.  IT IS SO ORDERED.

Date:  January 14, 2026                                     /s/
                                                            Erin Aslan
                                                            United States Magistrate Judge