**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **STATE OF MARYLAND,** | * | |
| **Plaintiff,** | * | |
| **STEPHEN MARTIN and CHERYL MARTIN,** | * | |
| **Intervenor Plaintiffs,** | * | **Civil Action No. RDB-24-3656** |
| **v.** | * | |
| **W.L. GORE & ASSOCIATES, INC.,** | * | |
| **Defendant.** | * | |

**MEMORANDUM ORDER**

Plaintiff State of Maryland (the State) filed the above-captioned action against Defendant W.L. Gore & Associates, Inc. (Gore) on December 18, 2024, alleging nuisance, trespass, negligence, and state and federal statutory environmental claims based on Gore's alleged "contamination of Maryland's natural resources with toxic" substances.[1] ECF No. 1 ¶ 1. On October 29, 2025, the Court granted Stephen and Cheryl Martin's motion to intervene in Counts V and IX of the State's amended complaint, which allege state and federal statutory environmental claims. ECF Nos. 60–61; *see also* ECF Nos. 49, 67. On December 9, 2025, the Honorable Richard D. Bennett referred this case to the undersigned for discovery and all related scheduling pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF No. 71. Pending before the Court is a discovery dispute concerning Gore's production of Board of Directors information. ECF Nos. 142, 145, 150–151, 154. No hearing is necessary. Local Rule 105.6.

---

[1] On May 12, 2025, the State filed an amended pleading in which it added, among other things, an additional federal statutory environmental claim, as well as a state law unjust enrichment claim. ECF No. 43 ¶¶ 204–221.

Gore's production of Board of Directors information has been in dispute for some time. In essence, Gore contends that its prior searches of custodial and non-custodial files are sufficient to satisfy the State's request, whereas the State posits that Gore must conduct a separate search of Board of Directors materials specifically and that Gore has failed to explain why it cannot do so. ECF Nos. 76 at 2; 77 at 2; 110 at 2; 111 at 2; 116 at 2; 142 at 4–5; 150 at 1–2.[2] On March 27, 2026, the undersigned directed Gore to "search the Board of Directors minutes that are available in electronic form . . . and provide any responsive materials to the State on or before April 17, 2026." ECF No. 118 at 2. Thereafter, Gore searched Board of Directors minutes from 2020 onwards and produced 15 sets of minutes and 41 additional Board documents. ECF Nos. 142 at 4. In August 2026, the State and Gore again raised the issue of the sufficiency of Gore's production, each contending that the limited production demonstrated why additional discovery specific to the Board of Directors is or is not required. ECF Nos. 142 at 4–5; 150 at 1–2. The undersigned held a further discovery conference in connection with this dispute on September 2, 2026, and directed the filing of additional position statements. ECF Nos. 147, 149; *see also* ECF Nos. 151, 154 (sealed supplemental responses).[3]

Under the Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The broad sweep of discovery under the federal rules is cabined only by relevance and proportionality. *Virginia Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). "To be relevant, the discovery sought simply must be 'any matter

---

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document, except that references to a transcript refer to the page and line number of the transcript.

[3] Although not explicitly referenced in this public-facing Memorandum Order, the undersigned has reviewed and considered the sealed supplemental responses and supporting exhibits.

that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Lyman* v. *Greyhound Lines, Inc.*, No. 2:20-CV-01812-DCN, 2021 WL 719904, at *3 (D.S.C. Feb. 24, 2021) (quoting *Oppenhiemer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 351 (1978)). The proportionality analysis considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The party seeking discovery has the burden to establish its relevancy and proportionality." *Crete Carrier Corp.* v. *Sullivan & Sons, Inc.*, Civil Action No. ELH-21-0328, 2022 WL 1203652, at *13 (D. Md. Apr. 21, 2022).

As a threshold matter, the State and Gore dispute the standard and burden governing analysis of the sufficiency of Gore's production. The State argues that "[a]s the party resisting discovery, Gore bears the burden of demonstrating that the requested discovery falls outside the scope of Rule 26," and that "Gore has not articulated any burden associated with locating these records, assessing their volume, or reviewing their contents." ECF No. 150 at 2. On the other hand, Gore contends that the State has the "burden of showing how even more discovery into sensitive Board documents would not be duplicative or cumulative" of the discovery already produced in this case. ECF No. 142 at 4. Gore relies on an out-of-circuit decision for the proposition that "parties seeking searches of additional custodians beyond those initially disclosed 'must demonstrate that the additional requested custodians would provide *unique* relevant information by providing evidence that there are unique responsive documents being missed in the current search scheme that would justify the inclusion of additional custodians.'" *Griffin* v. *Johnson & Johnson*, No. 2:21-CV-134, 2024 WL 3023600, at *2 (D. Vt. June 17, 2024) (emphasis in original) (quoting *Coventry Cap. US LLC* v. *EEA Life Settlements Inc.*, No.

17CIV7417VMSLC, 2020 WL 7383940, at *6 (S.D.N.Y. Dec. 16, 2020), *objections overruled*, 2021 WL 961750 (S.D.N.Y. Mar. 15, 2021)). The issue addressed in *Griffin*, however, is adjacent to the instant dispute. That decision, and the cases cited therein, address a request to compel production of documents from additional custodians of electronically stored information. *Griffin*, No. 2:21-CV-134, 2024 WL 3023600, at *2.[4] In contrast, the question here is whether Gore must search Board of Directors materials specifically, as opposed to relying on other searches of negotiated terms and custodians. The undersigned therefore finds *Griffin* and the related cases inapposite.

"The State seeks [per- and polyfluoroalkyl substances (PFAS)]-related documents that Gore 'provided, distributed, drafted, discussed, prepared, or otherwise maintained or used for or with' its Board of Directors." ECF No. 77 at 2 (quoting the State's Request for Production No. 23). This request is certainly relevant to the State's claims. As the undersigned noted previously, "[r]elevance is not, on its own, a high bar." *Maryland* v. *W.L. Gore & Assocs., Inc.*, Civil Action No. RDB-24-3656, 2026 WL 100579, at *1 (D. Md. Jan. 14, 2026) (quoting *Virginia Dep't of Corr.*, 921 F.3d at 188). As to proportionality, the issues at stake in this action and the amount in controversy are significant. Further, Gore is the only party with access to the Board of Directors information. The State posits that earlier Board of Directors minutes "are particularly important because the early 2000s marked a pivotal period for PFAS-related regulatory and industry developments . . . Board-level discussions during this period are likely to show when key PFAS issues were elevated to the executive level and how Gore evaluated risks,

[4] *Accord Coventry Cap. US LLC*, 2020 WL 7383940, at *6-7; *Blackrock Allocation Target Shares: Series S Portfolio* v. *Bank of New York Mellon*, No. 14CIV9372GBDHBP, 2018 WL 2215510, at *9 (S.D.N.Y. May 15, 2018); *Fort Worth Employees' Ret. Fund* v. *J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013); *Assured Guar. Mun. Corp.* v. *UBS Real Est. Sec. Inc.*, No. 12 CIV. 1579 HB JCF, 2013 WL 1195545, at *4 (S.D.N.Y. Mar. 25, 2013); *Mount Hawley Ins. Co.* v. *Felman Prod., Inc.*, 269 F.R.D. 609, 620 (S.D.W. Va. 2010).

usage, releases, and remediation." ECF No. 150 at 2. Gore does not contest the substance of this assertion but instead maintains that additional searches will produce only cumulative information. ECF No. 142 at 4. The question of the burden or expense of conducting an independent search of Board of Directors information is unclear. Gore does not address this issue in its filings, but represented at a prior discovery hearing that it was not relying on undue burden to resist production of Board of Directors information. ECF No. 129 at 18:17–20 ("I don't think it would be burdensome to look at the documents, Your Honor. Our point is . . . cumulative Rule 26(b)(2) factors rather than . . . undue burden.").

Throughout the history of this dispute, Gore has argued that the sensitivity of the Board minutes, the decades-long timeframe, and the asserted cumulative nature of the discovery render a separate Board of Directors information search inappropriate. ECF Nos. 76 at 2; 129 at 14:18–23, 15:12–16:7; 142 at 4. These arguments are unpersuasive. First, the existing confidentiality order (ECF No. 40) will protect the sensitivity of the Board of Directors materials. Second, the timeframe in question is less than the "50 years" (ECF No. 76 at 2) originally contemplated because, by way of compromise, the State has asked Gore to search hard-copy Board of Director minutes back to 1985 to "target the most highly relevant information" (ECF No. 150 at 2). When evaluating the proportionality of this 35-year timeframe, the undersigned notes that the State alleges that Gore released "PFAS into Maryland for more than 50 years." ECF No. 43 ¶ 14. Discovery in this action will therefore necessarily encompass a broad timeframe. To the extent that Gore relies on Federal Rule of Civil Procedure 26(b), the undersigned concludes that the Board of Directors information is not "cumulative or duplicative" and that the State has not "had ample opportunity to obtain the information by discovery." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). By Gore's own admission, the targeted pilot search of electronic Board of Directors minutes resulted in the production of 15 sets of minutes and 41 additional responsive documents.

ECF No. 142 at 4. Following review of the parties' filings, the undersigned cannot conclude that such information is needlessly cumulative of other discovery. ECF Nos. 145, 151.

In light of the foregoing, it is hereby ORDERED that:

1. Gore will search its Board of Directors minutes and other related information for the time period of 1985 through 2019 and produce any documents responsive to the State's Request for Production No. 23; and
2. The parties shall meet and confer as to the timeframe for such production and any other related issues.

IT IS SO ORDERED.

Date: September 16, 2026

/s/
Erin Aslan
United States Magistrate Judge